EDWARD C. VANCIL, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO MORGAN.

A recognizance is not void because it fails to show that the amount of bail was not fixed by the court, and indorsed on the writ by the clerk.

THIS cause was heard before WOODSON, Judge, at March term, 1854, of the Morgan Circuit Court.

The *scire facias* issued in this case was, in substance, as follows:

"BE IT REMEMBERED, that on the 29th day of June, 1853, before me, B. T. Burke, sheriff of the county of Macoupin, State of Illinois, personally appeared Mordecai Vancil and E. C. Vancil, who severally acknowledged themselves to owe and be indebted, etc., to be levied, etc., if default be made in the condition following, to wit: whereas, the said sheriff has this day arrested the said Mordecai Vancil, to answer the People, etc., on an indictment, etc., the said Vancil being in custody on a writ of *ca. ad res.*, issued out of the circuit court of Morgan county, upon an indictment pending against him in said county, for larceny, etc., conditioned that said Vancil should well and truly appear, etc., to answer, etc.

And the said People aver that the said B. T. Burke, sheriff as aforesaid, had full and competent authority to take the above recognizance as aforesaid, and that afterwards, to wit, on the 17th day of October, 1853, the said recognizance was returned into the circuit court of Morgan county, State of Illinois, by the said B. T. Burke, sheriff as aforesaid, and that on the said 17th day of October, 1853, the said recognizance was filed in the clerk's office of the circuit court of Morgan county, State of Illinois, as a matter of record in the circuit court last aforesaid, according to law. And afterwards, to wit, at the October term, 1853, of the circuit court of Morgan county, State of Illinois, the said People appeared by the State's attorney, and the cause of the said indictment against the said Mordecai Vancil came on for trial, and the said Mordecai Vancil was three times solemnly called and came not as bound to do, but therein wholly failed and made default, and Edward C. Vancil his security, was called and failed to produce the body of the said Mordecai Vancil as he was bound to do, but therein wholly failed, wherefore it was ordered that

the said recognizance be forfeited, and that a *scire facias* issue against them, the said Mordecai Vancil and Edward C. Vancil, returnable to the next term of the said circuit court of Morgan county. We therefore command you to summon Mordecai Vancil and Edward C. Vancil, if they can be found in your county, to be and appear before the Judge of our circuit court, to be holden at Jacksonville on the third Monday of March next, to show cause, if any there be, why execution shall not issue against their goods and chattels, lands and tenements in favor of the People of the State of Illinois, for the amount of the recognizance forfeited as aforesaid, together with their costs herein expended; and of this writ make legal service and due return at the time and place aforesaid.

Witness, etc., etc."

The writ was served on Edward Vancil, who appeared and filed his demurrer, assigning as special causes, that it does not appear from said *scire facias*, by what authority the sheriff of Macoupin county received from Mordecai Vancil and surety the said recognizance, or that he had any authority so to do. Second, It does not appear from said *scire facias* that Mordecai Vancil was in custody of sheriff of Macoupin county by virtue of any legal process to him directed. Third, That it appears that said Mordecai Vancil was in custody, but in the custody of what officer or person does not appear. Fourth, That process did not appear to have been directed by the clerk of Morgan county to the sheriff of Macoupin county, and by virtue thereof sheriff made the arrest and took bail, etc. The court overruled the demurrer and gave judgment for five hundred dollars, the amount of the recognizance.

M. McCONNEL, for Plaintiff in Error.

BROWN and McCLURE, for the People.

TREAT, C. J. It is the duty of the circuit court, when an indictment is found, to make an order fixing the amount of bail; and the clerk is required to make an indorsement thereof on the process; and the sheriff is authorized to take bail accordingly. Rev. Stat., Chap. 30, Sec. 175. It is insisted that the recognizance taken in this case is void, because it fails to show that the amount of bail was fixed by the court and indorsed on the writ by the clerk. There is no force in this objection. These matters need not appear on the face of the obligation. The authority of the sheriff may be proved in another mode. It is averred in the *scire facias*, that the sheriff had full authority to take the recognizance. Under this allegation, if put in issue, it would be competent to show authority in the sheriff. This might be done by the production of a capias, with an order indorsed thereon to take bail in the sum of $500 for the appear-

ance of the defendant. Such a direction would justify the sheriff in taking the recognizance, and discharging the prisoner from custody. After the venue was changed to Morgan county, the clerk of the circuit court of that county could properly issue process to the sheriff of Macoupin county. The other objections to the *scire facias* do not require any special notice. It appeared from its allegations that the People were entitled to execution for the amount of the recognizance, and the demurrer was properly overruled.

The judgment is affirmed.

*Judgment affirmed.*